## AUTO-LEC STORES, Inc., v. INTERSTATE ELECTRIC CO. OF SHREVEPORT, Inc.

### No. 5541.

Court of Appeal of Louisiana. Second Circuit.

Dec. 3, 1937.

Irion & Switzer, of Shreveport, for appellant.

Blanchard, Goldstein, Walker & O'Quin, of Shreveport, for appellee.

DREW, Judge.

Plaintiff instituted this suit to recover $445.52 from the defendant. For a cause of action, it alleged as follows:

"That the Interstate Electric Company of Shreveport, Inc., is a corporation organized and existing under and by virtue of the laws of the State of Louisiana and has its domicile in the City of Shreveport, Caddo Parish, Louisiana;

"That the said Interstate Electric Company of Shreveport, Inc., is justly and truly indebted unto your petitioner in the full sum of Four Hundred Forty-Five and 52/100 ($445.52) Dollars, with five (5%) per cent per annum interest thereon from date of judicial demand until paid and all costs of this suit, for this, to wit:

"That certain bumpers were delivered by said Interstate Electric Company of Shreveport, Inc., unto your petitioner on consignment with the agreement and understanding that said defendant would receive back from petitioner all bumpers not sold by petitioner and give petitioner credit for all returned bumpers;

"That your petitioner did not sell Four Hundred Forty-five and 52/100 ($445.52) Dollars worth of bumpers and tendered the said bumpers back to defendant herein, which refused to accept the same and your petitioner now again and herewith tenders said bumpers back to defendant for which bumpers said defendant owes your petitioner the amount of Four Hundred Forty-Five and 52/100 ($445.52) Dollars, as aforesaid;

"That petitioner is a subsidiary of the Interstate Electric Company, a Louisiana corporation domiciled in Orleans Parish, Louisiana, which said company is a different corporation entirely from defendant herein and which said company is a creditor of the defendant herein to a large extent;

"That defendant herein attempted as a partial discharge of its liability and indebtedness to the Interstate Electric Company to take credit for said sum of Four Hundred Forty-Five and 52/100 ($445.52) Dollars as against said Interstate Electric Company, taking the position that said bumpers had not been returned to it and that it was deducting said amount from the amount it owed Interstate Electric Company;

"That when defendant herein took credit for said sum of Four Hundred Forty-five and 52/100 ($445.52) Dollars on its account with and indebtedness to the Interstate Electric Company, said Interstate Electric Company thereupon charged said amount against your petitioner, who is thereby out the sum of Four Hundred Forty-Five and 52/100 ($445.52) Dollars and, therefore, defendant herein owes said sum to petitioner, defendant herein having enriched itself to the extent of Four Hundred Forty-Five and 52/100 ($445.52) Dollars at the expense of petitioner without legal right to do so;

"That petitioner has made amicable demand upon defendant herein in vain."

Defendant filed an exception of no cause or right of action to said petition. The lower court sustained the exception of no cause of action on May 22, 1937. The following is its written opinion thereon:

"The Auto-Lec Stores, Incorporated, a Louisiana corporation, hereafter referred to as 'A', alleges that it obtained on consignment from the Interstate Electric Company, Incorporated, of Shreveport, also a Louisiana corporation, hereafter referred to as 'B', a lot of automobile bumpers priced at $445.52, with the privilege of returning them if not sold. That they were not sold and tendered back, which tender is now judicially repeated. That the Interstate Electric Company, a third Louisiana corporation, of which 'A' is a subsidiary, was a creditor of 'B'. That 'B' took credit with 'C' for the sum it claimed was owed it by 'A'. That the transaction illegally enriched 'B' at the expense of 'A' which should have judgment against 'B' for the amount.

"To the demand defendant interpose the exception of no cause or right of action.

"The three parties involved in the transaction are all corporations and separate entities. The allegation that 'A' is a subsidiary of 'C' is a general one without legal significance.

"As alleged, the whole transaction is one of bookkeeping. 'A' still has the bumpers and has actually paid out nothing. According to the allegations of the petition it owed 'B' nothing. Therefore, 'B' had no debt to transfer to 'C,' and 'C' acquired no valid claim against 'A' by the transfer. It therefore had no right to charge same against 'A', and 'A' has the right to ignore the charge and resist its collection, which is its appropriate remedy. We fail to see how it can collect from 'B' when the action of 'B' has imposed no legal liability on 'A'.

"The exception of no cause of action is therefore sustained and plaintiff's suit dismissed at its cost."

On May 24, 1937, plaintiff filed a supplemental and amended petition, in which it alleged as follows:

"That it here reiterates, relies upon and in no way waives each and all of its allegations as made in its original petition filed herein, except as herein amended;

"That petitioner is a subsidiary of the Interstate Electric Company, a Louisiana corporation domiciled in Orleans Parish, Louisiana, which said company is a different company entirely from the defendant herein, and which said company owns all of the stock of petitioner except a very few shares of preferred stock of petitioner, which is owned by various individuals as qualifying shares, said Interstate Electric Company owning greatly in excess of fifty (50%) per cent of all of the stock of petitioner;

"That when said Interstate Electric Company charged to petitioner the sum of Four Hundred Forty-Five and 52/100 ($445.52) Dollars, which defendant herein had deducted from its indebtedness to said Interstate Electric Company, petitioner was helpless to prevent the same and could not protect itself and said defendant herein has thereby enriched itself by the sum of Four Hundred Forty-Five and 52/100 ($445.52) Dollars at the expense of petitioner, petitioner being out said sum and said defendant having received said sum at the expense of petitioner without any just or legal right thereto."

An exception of no right or cause of action was filed to the amended petition by defendant, and the lower court, on June 12,

444

1937, maintained the exception of no right of action and dismissed plaintiff's suit. An appeal has been perfected by plaintiff to this court.

We are of the opinion the judgment of the lower court is correct. Plaintiff does not allege that it had paid defendant for the bumpers; to the contrary, it alleged the bumpers were delivered to it by defendant on consignment, and all that were not sold were to be taken back. Therefore, plaintiff did not, under its allegations, owe defendant the $445.52, the value of the bumpers not sold by it.

If it owed defendant nothing, then certainly defendant had nothing to transfer to the New Orleans corporation, and, whenever the New Orleans corporation attempts to collect from plaintiff, its right to resist the claim will still exist. Plaintiff was not a party to the transaction between defendant and the New Orleans corporation and cannot, in any way, be bound thereby.

To hold that plaintiff has a right or cause of action in this case, would be to permit it to set aside and rescind the alleged contract and settlement between the defendant and the New Orleans corporation, to which plaintiff was not a party, as the object of this suit is to recover from one of the parties to that contract a part of the consideration of the alleged settlement; since plaintiff was not a party to the contract of settlement between the two corporations, it is without interest, and both exceptions were properly sustained below.

Judgment affirmed, and costs.